UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 16-cv-23186-SCOLA/Otazo-Reyes

STEVEN KILBEY,

    Plaintiff,

vs.

CARNIVAL CORPORATION and
STEINER TRANSOCEAN LIMITED,

    Defendants.
_____/

## DEFENDANT STEINER TRANSOCEAN LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, STEINER TRANSOCEAN LIMITED, ("Steiner"), by and through undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses to Plaintiff STEVEN KILBEY'S ("Plaintiff") Amended Complaint [D.E. 18] as follows:

1. Without knowledge, therefore denied.

2. The allegations of paragraph 2 are not directed to Steiner and as such, no response is required. To the extent any response is required, this paragraph is denied.

3. Admitted that this Court has *in personam* jurisdiction over Steiner. The remainder of this paragraph is denied.

4. Admitted only that Steiner operated a spa on the *Carnival Valor* on July 25, 2015. Otherwise denied.

5. Admitted only that Steiner operated a spa on the *Carnival Valor* on July 25, 2015. Otherwise denied.

6. Steiner admits that Plaintiff is seeking damages in excess of the minimum jurisdictional required but denies that Plaintiff is entitled to damages of any amount and demands strict proof thereof.

7. Steiner admits that Plaintiff is seeking damages in excess of the minimum jurisdictional required but denies that Plaintiff is entitled to damages of any amount and demands strict proof thereof. The remainder of this paragraph is denied.

8. Admitted.

9. Admitted

10. Admitted only that Steiner operated a spa on the *Carnival Valor* on July 25, 2015. Otherwise denied.

11. Admitted that Plaintiff received a massage service on the *Carnival Valor* on July 25, 2015. Otherwise denied.

12. Admitted that Plaintiff received a massage service on the *Carnival Valor* on July 25, 2015. Otherwise denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

## COUNT I – STEINER – NEGLIGENCE

Steiner readopts and re-alleges its responses to paragraphs 1-16 of the Amended Complaint.

17. Admitted that Steiner's duty was to use reasonable care under the circumstances. Otherwise denied.

18. Denied, including all subparts.

19. Denied.

## COUNT II: CARNIVAL – DIRECT NEGLIGENCE

Steiner readopts and re-alleges its responses to paragraphs 1-16 of the Amended Complaint.

20. The allegations of paragraph 20 are not directed to Steiner and as such, no response is required. To the extent any response is required, this paragraph is denied.

21. The allegations of paragraph 21 are not directed to Steiner and as such, no response is required. To the extent any response is required, this paragraph is denied.

22. Denied.

## COUNT III: CARNIVAL – VICAROIUS LIABILITY FOR STEINER'S NEGLIGENCE (APPARENT AGENCY)

Steiner readopts and re-alleges its responses to paragraphs 1-16 of the Amended Complaint.

23. The allegations of paragraph 23 are not directed to Steiner and as such, no response is required. To the extent any response is required, this paragraph is denied.

24. The allegations of paragraph 24 are not directed to Steiner and as such, no response is required. To the extent any response is required, this paragraph is denied.

25. The allegations of paragraph 25 are not directed to Steiner and as such, no response is required. To the extent any response is required, this paragraph is denied.

26. The allegations of paragraph 26 are not directed to Steiner and as such, no response is required. To the extent any response is required, this paragraph is denied.

27. Denied.

WHEREFORE, having fully answered the Amended Complaint, the Defendant, Steiner, demands that the Complaint be **Dismissed with Prejudice** to and at the cost of Plaintiff STEVEN KILBEY.

## AFFIRMATIVE DEFENSES

As separate and complete defenses, based on information and belief, Norwegian states as follows:

### FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, Steiner avers that the negligence, actions and/or misaction of the Plaintiff was the sole and proximate cause of any and all injuries or damages as alleged in the Complaint, and as such, the Plaintiff's right to recovery is either barred or shall be reduced pursuant to the doctrine of Comparative Negligence.

### SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, Steiner further affirmatively avers that any injury or damage as alleged to have been suffered by the Plaintiff herein is not the proximate result of any negligence of this Defendant and any such injuries are unrelated to the incident at issue and as such, the Plaintiff is unable to recover of this Defendant.

### THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Steiner asserts that Plaintiff has failed to mitigate his damages, if any, thus precluding or diminishing the Plaintiff's recovery herein to the extent such mitigation would have diminished or avoided Plaintiff's alleged losses or injuries.

### FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, Steiner further affirmatively alleges, without admitting liability, that in the event that the Plaintiff should recover on his claim, this Defendant would be entitled to a set-off, off-set and/or reduction for any and all collateral source benefits either paid or payable to the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Steiner affirmatively alleges that Plaintiff's injuries, if any, are the result of a pre-existing injury or condition which was not aggravated by the alleged accident claimed herein. Alternatively, if any pre-existing injury or condition was aggravated by any alleged injuries herein, the Plaintiff is only entitled to reimbursement for the degree of aggravation, and any recovery he obtains herein must be limited to the percentage of aggravation she suffered as a result of this alleged accident.

### SIXTH AFFIRMATIVE DEFENSE

For its Sixth Affirmative Defense, Steiner alleges that Plaintiff's injuries, if any, were proximately caused by the conduct of third parties not subject to the control, supervision or direction of this Defendant, thereby precluding or diminishing Plaintiff's recovery herein.

### SEVENTH AFFIRMATIVE DEFENSE

For its Seventh Affirmative Defense, Steiner alleges federal maritime law to the exclusion of state law controls this action.

### EIGHTH AFFIRMATIVE DEFENSE

For its Eighth Affirmative Defense, Steiner alleges that Plaintiff has not suffered a permanent or continuing injury and as such, this Defendant is not liable to the Plaintiff herein or any such recovery is limited by the extent of injury.

### NINTH AFFIRMATIVE DEFENSE

For its Ninth Affirmative Defense, Steiner avers it complied with and otherwise fulfilled its duty of reasonable care to the Plaintiff and as such, the Plaintiff herein is unable to recover of this Defendant.

### TENTH AFFIRMATIVE DEFENSE

For its Tenth Affirmative Defense, Steiner asserts that to the extent that the Plaintiff's Complaint relates that a dangerous condition existed on the vessel of this Defendant, this Defendant

would affirmatively aver that any such condition, if in existence, was such an open and obvious condition that the Plaintiff did or should have observed and comprehended same; thus, avoiding the alleged accident and as such, any recovery of the Plaintiff herein is barred or should be accordingly reduced.

## ELEVENTH AFFIRMATIVE DEFENSE

For its Eleventh Affirmative Defense, Steiner would further affirmatively aver that to the extent that the Plaintiff's Complaint purports to state a claim for attorney's fees, the Defendant avers that there was no basis in contract or statute for the Plaintiff's recovery of same and that federal maritime law also bars the Plaintiff's recovery of attorney's fees herein and as such, any attempt to recovery of attorney's fees by the Plaintiff herein is unsupported and otherwise barred.

## TWELFTH AFFIRMATIVE DEFENSE

For its Twelfth Affirmative Defense, Steiner avers that it had no notice, actual, constructive or otherwise of any dangerous condition which the Plaintiff alleges was the proximate cause of her damage and as such, the Defendant is not liable to the Plaintiff based on a theory of negligence and the Plaintiff is unable to recover of this Defendant.

## THIERTEENTH AFFIRMATIVE DEFENSE

As and for its thirteenth, separate and affirmative defense to the Plaintiffs' Amended Complaint and each of its purported causes of action, Steiner asserts that it fully discharged its duties to Plaintiff by warning of any and all dangerous or hazardous conditions, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

As and for its fourteenth, separate, and affirmative defense to the Plaintiffs' Amended Complaint and each of its purported causes of action, Steiner asserts that Plaintiff had actual knowledge and/or notice of any alleged dangerous condition, if any, and realized and appreciated

the potential for injury as a result of such alleged condition; and, having a reasonable opportunity to avoid it, consciously and voluntarily exposed herself to same.

### FIFTEENTH AFFIRMATIVE DEFENSE

As and for its fifteenth, separate, and affirmative defense to the Plaintiff's Amended Complaint and each of its purported causes of action, Steiner alleges that if it is liable to the Plaintiff for damages herein, the existence of which Steiner expressly denies, Plaintiff's damages must be reduced by the amount attributable to Plaintiff's comparative fault.

### SIXTEENTH AFFIRMATIVE DEFENSE

As and for its sixteenth, separate, and affirmative defense to the Plaintiffs' Amended Complaint and each of its purported causes of action, Steiner alleges that the Plaintiff did not exercise ordinary care, caution, or prudence for his welfare to avoid the happening of the alleged incident, injuries, or damages, if any, the existence of which the Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As and for its seventeenth, separate, and affirmative defense to the Plaintiffs' Amended Complaint and each of its purported causes of action, Steiner alleges that the incident and injuries alleged in the Complaint were the result of intervening and unforeseeable causes for which Steiner had no duty to protect the Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As and for its eighteenth, separate, and affirmative defense to the Plaintiffs' Amended Complaint and each of its purported causes of action, Steiner is informed and believes and herein alleges that it is not legally responsible in any fashion with respect to damages and injuries alleged by

the Plaintiff in the Amended Complaint; however, in the event Steiner is held liable, said liability which Steiner expressly denies, said liability will be due in whole or in part to the breach of warranty, acts, omissions, activities, carelessness, recklessness, and/or negligence of others.  Therefore, any recovery obtained by the Plaintiff against Steiner should be reduced in proportion to the respective negligence, fault, and legal responsibility of all other parties, persons, and entities, including their agents, servants, and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative fault.  The liability of Steiner if any, the existence of which Steiner expressly denies, is to be limited to the percentage of fault actually attributable to Norwegian, if any.

## NINETEENTH AFFIRMATIVE DEFENSE

As and for its nineteenth, separate, and affirmative defense to the Plaintiffs' Amended Complaint and each of its purported causes of action, Steiner asserts that Plaintiff signed a waiver fully releasing Steiner from any and all liability from the damages alleged in this lawsuit.

Defendant reserves the right to amend its Affirmative Defenses as more facts become known through the course and scope of discovery.

Dated:  November 14, 2016
Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, P.A.**

By: **/s/  Elisha M. Sullivan**
Darren W. Friedman, Esq. (FBN 0146765)
dfriedman@fflegal.com
Elisha M. Sullivan, Esq. (FBN 57559)
esullivan@fflegal.com
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Tel: 305-358-6555/Fax: 305-374-9077
Counsel for Defendants

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 14th day of November, 2016. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: **/s/ Elisha M. Sullivan**
Elisha M. Sullivan, Esq.

## SERRVICE LIST
CASE NO: 16-cv-23186-SCOLA/OTAZO-REYES

Andrew L. Waks, Esq.
waksbar@aol.com
WAKS & BARNETT, P.A.
9900 SW 107th Ave, #101
Miami, FL 33176
Tel.: 305-271-8282/Fax: 305-595-9776
Counsel for Plaintiff

Philip D. Parish, Esq.
phil@parrishappeals.com
betty@parrishappeals.com
Philip D. Parrish, P.A.
7301 SW 57th Court, Sutie 430
Miami, Florida 33143
Tel: 305-670-5550/Fax: 305-670-5552
Counsel for Plaintiff

Darren W. Friedman, Esq.
dfriedman@fflegal.com
sargy@fflegal.com
cchu@fflegal.com
Elisha M. Sullivan, Esq.
esullivan@fflegal.com
sargy@fflegal.com
FOREMAN FRIEDMAN, PA
One Biscayne Tower – Suite #2300
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: 305-358-6555/ Fax: 305-374-9077
Counsel for Defendants

Case No: 16-CV-23186- SCOLA/Otazo-Reyes
Page 9
**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**