United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Steven Kilbey, Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 16-23186-Civ-Scola |
| Carnival Corp. and Steiner Leisure | ) | |
| Ltd., Defendants. | ) | |

## Order on Motion to Dismiss

The Defendant, Carnival Corporation, asks this Court to dismiss Counts 2 and 3 of the Plaintiff, Steven Kilbey's Amended Complaint for failure to state a cause of action. (Mot., ECF No. 25). Kilbey responded (Resp., ECF No. 27), and Carnival replied (Reply, ECF No. 29). This matter is ripe for the Court's decision. For the reasons set forth in this Order, the Court **grants in part and denies in part** the Motion (**ECF No. 25**).

### 1. Background

Kilbey was a passenger on a week-long cruise aboard Carnival's ship, *Valor*. (Am. Compl. ¶ 9, ECF No. 18.) His first night aboard the ship, Kilbey purchased and received a "hot rock massage" from Carnival, during which he experienced "an overly aggressive manipulation on [his] head, neck and back." (*Id.* ¶¶ 11–12.) The spa was operated by the co-defendant Steiner Transocean, Ltd.[1] (*Id.* ¶ 5.) Kilbey complained about the pain several times to the spa personnel and to the ship's doctor. (*Id.* ¶¶ 13–14.) Upon return to his home, Kilbey sought medical attention and was diagnosed with "a herniated disc at level C-5, C-6." (*Id.* ¶ 15.) The injury required Kilbey to obtain "a surgery . . . of a cervical discectomy/fusion" and caused problems that continue to the present day. (*Id.* ¶¶ 16, 22, 27.)

Kilbey asserts in Count 2 that Carnival was directly negligent. Kilbey alleges that Carnival had a duty of reasonable care, which it breached by "creat[ing] a dangerous condition . . . by contracting Steiner to provide spa therapies . . .;" "fail[ing] to ascertain whether the 'hot rock massages' it sold to its passengers . . . were being properly performed . . .;" and "fail[ing] to warn . . . about the possible dangers or complications from having a 'hot rock massage . . . .'" (*Id.* ¶¶ 20–21.) Kilbey further alleges that Carnival "was aware or should have been aware that . . . spa therapies could, if not properly performed, cause injury . . . ." (*Id.* ¶ 21(b).)

---

[1] Count 1 of the Complaint asserts a negligence count against Steiner, and Steiner answered.

Count 3 asserts a negligence claim against Carnival under a theory of apparent agency. (*Id.* ¶ 23.) Kilbey claims that Carnival held Steiner out as its apparent agent by promoting, selling and taking payment for spa treatments, advertising the "Carnival Spa" on its website, posting a sign that identifies the spa as "Carnival Spa," and treating and holding out the spa employees as members of the crew. (*Id.* ¶ 24.) Kilbey alleges that these actions caused him to reasonably believe that Steiner had authority to act on behalf of Carnival and that he reasonably relied on that belief when he purchased the massage treatment. (*Id.* ¶ 23, 25–26.)

## 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. A court must dismiss a plaintiff's claims if he fails to nudge his "claims across the line from conceivable to plausible." *Id.* at 570.

## A. Count 2: Negligence

Carnival moves to dismiss Count 2, asserting that Kilbey failed to plead both the appropriate standard of care owed to passengers of cruise ships and any breach of that duty. (Mot. at 3, ECF No. 25.) Carnival argues that the appropriate standard of care is "reasonableness under the circumstances, 'which requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition.'" (*Id.* (citing *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)).) Kilbey agrees that Carnival had a "duty to use reasonable care under the circumstances," but omits discussion of the *Keefe* requirements. (Resp. at 2, ECF No. 27.)

"To plead negligence in a maritime case, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Franza v. Royal*

*Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014) (internal quotations and citation omitted). The level of care required of a cruise line "is ordinary reasonable care under the circumstances." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). This "standard . . . requires, as a prerequisite to imposing liability, that the [cruise line] have had actual or constructive notice of the risk-creating condition, at least where . . . the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Id.*; *see also Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-Civ, 2012 WL 2049431, at *5 (S.D. Fla. June 5, 2012) (Scola, J.).

Kilbey claims his injuries occurred after an onboard hot-rock massage. (Am. Compl. ¶ 11.) But because a massage both occurs on land and is "not clearly linked to nautical adventure[,]" Kilbey must allege facts to show that Carnival had actual or constructive notice of any potential risk in receiving a hot-rock massage in order to impose liability. *Keefe,* 867 F.2d at 1322. Kilbey fails to do so. In fact, after a conclusory paragraph merely stating that "Carnival had a duty to use reasonable care[,]" Kilbey jumps immediately to a list of breaches. (Am. Compl. ¶¶ 20, 21(a)–(e).) As this Court noted in *Gayou*, "[h]e alleges a host of breaches, but there are no underlying facts suggesting the requisite actual or constructive knowledge on [the cruise line's] part. Without that, [he] fails to adequate[ly] invoke" Carnival's duty in these circumstances. No. 11-23359-Civ, 2012 WL 2049431, at *5.

Further, Kilbey's direct negligence claim includes an allegation that hints at a possible claim for negligent training or supervision by asserting that Carnival did not "maintain[] sufficient supervision of its spa activities."[2] (Am. Compl. ¶ 20(a).) The Complaint does not clearly explain the relationship between Carnival and Steiner. If Carnival selected Steiner as an independent contractor, then a claim for negligent training or supervision must allege that "'(1) the contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury.'" *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1318 (S.D. Fla. 2011) (Jordan, J.) (quoting *Davies v. Commercial Metals Co.*, 46 So. 3d 71, 74

---

[2] The Court cautions Kilbey, as it cautioned the plaintiff in *Gayou*, "should [the plaintiff] wish to plead a negligent hiring and retention claim, he shall separately allege an independent count when amending the Complaint." 2012 WL 2049431, at *5 n.2 (S.D. Fla. June 5, 2012) (citing *Platypus Wear, Inc. v. Clarke Modet & Co., S.L.*, 2008 WL 2557503, at *3 n.5 (S.D. Fla. June 23, 2008) (Torres, J.) ("Allegations in a complaint must be composed of definite statements with sufficient clarity and precision for a defendant to differentiate between the different claims in order to form a proper responsive pleading.")); *see also Watts v. City of Hollywood, Florida*, 146 F. Supp. 3d 1254, 1262 n.4 (S.D. Fla. 2015) (Altonaga, J.) ("The terms 'negligent supervision' and 'negligent retention' are essentially interchangeable.") (internal citations omitted).

(Fla. Dist. Ct. App. 2010)); *see also Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 748 (11th Cir. 2013) (noting that, under Florida law, to state a claim for negligent supervision "[t]he plaintiff must allege facts sufficient to show that once an employer received actual or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate and take corrective action" (citing *Dep't of Envtl. Prot. v. Hardy,* 907 So. 2d 655, 660 (Fla. Dist. Ct. App. 2005))).

Kilbey, however, does not allege facts regarding the incompetence of Steiner or its employees to provide massages, nor does he allege facts regarding any actual or constructive notice of that incompetence. Again, as this Court noted in *Gayou*, "[t]he Complaint lists endless purported failings by [the cruise line], but none are supported by any relevant facts going to the first and second elements." 2012 WL 2049431, at *5 (S.D. Fla. June 5, 2012) (referring to the *Smolnikar* elements).

Therefore, the Court **dismisses without prejudice** Count 2 of the Complaint.

## B. Count 3: Vicarious Liability (Apparent Agency)

Next, Carnival moves to dismiss Count 3, claiming that apparent agency is a legal theory instead of an independent cause of action and that Kilbey failed to allege specific facts showing he acted upon a reasonable belief that Steiner was Carnival's agent. (Mot. at 8, ECF No. 25.) Kilbey argues that he pleaded negligence against Carnival on the theory of apparent agency and that he properly pleaded all of the required elements. (Resp. at 8, ECF No. 27.)

As an initial matter, the Court notes that in Count 3 Kilbey seeks to hold Carnival liable for Steiner's negligence on the legal theory of apparent liability, and the title of Count 3 states as much: "Carnival–Vicarious Liability for Steiner's Negligence (Apparent Agency)." (Am. Compl. at 5, ECF No. 18.) Further, Count 3 "readopts and realleges each and every allegation contained" in the negligence count against Steiner. (*Id.*) Thus, the Count does not fail as a result of asserting the theory of apparent agency as a separate count.

"[A]pparent agency liability requires finding three essential elements: first, a representation by the principal to the plaintiff, which, second, causes the plaintiff reasonably to believe that the alleged agent is authorized to act for the principal's benefit, and which, third, induces the plaintiff's detrimental, justifiable reliance upon the appearance of agency." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1252 (11th Cir. 2014). In *Franza*, the Eleventh Circuit analyzed the facts alleged in the plaintiff's complaint and held that the plaintiff adequately pleaded each required element. *Id.* at 1252–53. Specifically, the plaintiff in *Franza* alleged that the cruise line: (1) promoted the independent contractor through "brochures, internet advertising, and on the vessel;" (2) used proprietary language

to describe the independent contractor; (3) "billed passengers directly for onboard . . . services;" (4) required staff of the independent contractor to wear uniforms bearing the logo of the cruise line; (5) and held out the staff of the independent contractor as "members of the ship's crew." *Id.* at 1252. The plaintiff in *Franza* also provided support for his allegation of detrimental reliance by indicating "precisely *how* [he] relied on the appearance of agency." *Id.* at 1253.

Here, Kilbey adequately pleads the first two elements. Kilbey asserts that Carnival promoted, advertised, sold, and took payment for spa services. (Compl. ¶ 24.) Kilbey further alleges that Carnival advertised the spa as the "Carnival Spa" on its website and through the signage at the physical location. (*Id.*) Finally, Kilbey alleges that Carnival held out spa employees as members of the ship's crew. (*Id.*) These allegations closely mirror those found in *Franza* to sufficiently allege the first and second elements.

With respect to the third element the Court finds that at this early stage of the proceedings Kilbey sufficiently, albeit inartfully, alleges detrimental reliance. Kilbey claims that he "reasonably acted on that belief to his detriment, i.e. he purchased a 'hot rock massage' and sustained a negligently inflicted neck injury." (*Id.* ¶ 23.) Thus, within the Count itself, Kilbey appears to state that he chose to purchase and receive a spa service because he trusted Carnival to provide satisfactory services. In the preliminary factual information of the Amended Complaint, Kilbey also asserts that he returned to the spa on July 26th and July 27th after experiencing pain. (*Id.* ¶ 13.) The Court can reasonably infer from these allegations that Kilbey relied on the appearance of agency by seeking assistance from the same independent contractor that he alleges caused his discomfort in the first instance.

Accordingly, the Court denies Carnival's motion to dismiss Count 3.

### 3. Conclusion

Kilbey fails to allege sufficient facts upon which to state a claim for direct negligence against Carnival, but sufficiently alleges vicarious liability for Steiner's negligence based on a theory of apparent agency. Accordingly, for the reasons explained above, the Court **grants** Carnival's motion to dismiss as to Count 2 and **denies** Carnival's motion to dismiss as to Count 3 (**ECF No. 25**). Kilbey is given leave to file a Second Amended Complaint addressing the deficiencies noted in this Order, to the extent the deficiencies may be cured. Kilbey must file the Second Amended Complaint by **March 17, 2017**.

**Done and Ordered** in chambers, at Miami, Florida, on March 3, 2017.

Robert N. Scola, Jr.
United States District Judge